UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HISTORIC INVESTMENT FUND 2022 LLC, *et al.*, <br><br>Plaintiffs, <br><br>v. <br><br>UNITED STATES OF AMERICA, <br><br>Defendant. | **Consolidated** <br>Case No. 1:22-cv-02061 (Lead case) <br>Case No. 1:22-cv-02062 <br>Case No. 1:22-cv-02063 <br>Case No. 1:22-cv-02068 <br>Case No. 1:22-cv-02069 <br><br>JUDGE DAVID A. RUIZ <br><br>**MEMORANDUM OPINION & ORDER** |

On November 15, 2022 and November 16, 2022, Plaintiffs[1] filed a total of five verified Complaints against Defendant United States of America. (R. 1). All of the Complaints alleged a sole cause of action: a violation of the Administrative Procedure Act (APA)'s Notice-and-Comment Rulemaking Requirement, 5 U.S.C. § 553. All of the Complaints seek the same relief: (1) a declaration that IRS Notice 2017-10 is unlawful; and (2) a permanent injunction enjoining its enforcement.[2]

---

[1] The five Plaintiffs are Historic Investment Fund 2022 LLC, Historic Investment Fund 2022 (QP) LLC, HGBX Fund Investment 2022 LLC, Dev X, LLC, and GBX Fund Management, Ltd. They are all represented by the same counsel.

[2] Minor variations exist, as some of the Complaints seek the relief only with respect to Plaintiff; some with respect to Plaintiff, its direct and indirect investors, and/or pass-through entities in which Plaintiff has or had direct or indirect investments; and, others seek the remedies without limitation or with respect to *all* taxpayers.

On January 13, 2023, Defendant filed a motion to consolidate cases. (R. 8). The Court granted the unopposed motion, finding that the cases concern common questions of law and fact. (R. 12). Thereafter, Defendant filed a motion to dismiss for lack of jurisdiction, arguing that "there is no live case or controversy as required for this Court to exercise jurisdiction under Article III." (R. 13-1, PageID# 86). Specifically, Defendant asserts "these cases have been mooted because, as publicly announced by the IRS together with a formal notice of rule-making in December 2022, the IRS is no longer enforcing … Notice [2017-10] in the Sixth Circuit." *Id*. Plaintiffs filed a brief in opposition, arguing that "Defendant's voluntary cessation based on the entirely discretionary Announcement does not satisfy its burden to show mootness." (R. 14, PageID# 216). Defendant filed a reply brief in support of its motion. (R. 16).

On November 22, 2023, Defendant filed a Notice of Supplemental Authority, specifically a decision from the Sixth Circuit Court of Appeals—*Mann Constr., Inc. v. United States*, 86 F.4th 1159, 1163 (6th Cir. 2023) (hereinafter "*Mann II*"). (R. 17). Plaintiffs did not respond or seek leave to do so. On March 22, 2024, Defendant filed a second Notice of Supplemental Authority—a decision from the Southern District of Ohio addressing the same Notice 2017-10 at the heart of this case.

**I. Factual Allegations**

According to the Complaint,[3] Congress created two tax incentives related to the rehabilitation and preservation of historic buildings: "rehabilitation credits, known as Historic Tax Credits, in 26 U.S.C. § 47, and a tax deduction for the charitable contribution of an easement that preserves the historic character of a certified historic structure, known as an Historic

---

[3] Due to their similarity, the Court solely references allegations from the Complaint in the lead case.

2

Preservation Easement, in 26 U.S.C. § 170(h)" because "Congress wanted to encourage both the rehabilitation of historic structures and the granting of facade easements and provided tax incentives to encourage both." (R. 1, PageID# 4, ¶¶18-19, citing Rev. Rul. 89-90, 1989-2 C.B.).

The Complaint further alleges that on December 23, 2016, the United States Treasury and the Internal Revenue Service (IRS) released **Notice 2017-10**, entitled "Listing Notice-- Syndicated Conservation Easement Transactions," *without* first providing public notice or soliciting comments from the public. (R. 1, PageID# 5, ¶23) (emphasis added). Notice 2017-10 identified syndicated conservation easement transactions and any substantially similar transactions as "listed transactions" for purposes of 26 U.S.C. §§ 6111 and 6112 and 26 C.F.R. § 1.6011-4(b)(2). *Id*. at ¶24. A designation as a "listed transaction" imposes reporting and recordkeeping requirements on taxpayers who participate in the transaction and on material advisors. 26 U.SC. §§ 6111, 6112. *Id*. at ¶25. A taxpayer who fails to comply with reporting requirements faces significant monetary fines and potential imprisonment. *Id*. at ¶¶27-30.

In *Mann Constr., Inc. v. United States*, 27 F.4th 1138, 1143 (6th Cir. 2022) (hereafter "*Mann I*"), the Sixth Circuit Court of Appeals found that "the IRS's process for issuing Notice 2007-83[4] did not satisfy the notice-and-comment procedures for promulgating legislative rules under the APA" and, therefore, it must be set aside. In *GBX Assocs., LLC v. United States,* 2022 U.S. Dist. LEXIS 206500 at *7, 11 (N.D. Ohio Nov. 14, 2022), Defendant United States "acknowledge[d] … that *Mann Construction*, *supra* is controlling law within the Sixth Circuit and that the analysis in that case applies to Notice 2017-10. The parties, therefore, agree that,

---

[4] Notice 2007-83, similarly to Notice 2017-10, designated certain transactions as "listed transactions" that had to be reported as transactions that had the potential for tax avoidance or evasion. *Mann Constr., Inc.*, 27 F.4th at 1141-42. However, Notice 2007-83 applied to employee-benefit plans featuring cash-value life insurance policies. *Id*.

3

under *Mann Construction*, this Court should 'hold unlawful and set aside' Notice 2017-10 pursuant to APA § 706(2)." The District Court "exercise[d] its discretion to hold unlawful and set aside Notice 2017-10 as to GBX only." *Id*. at *50. Plaintiff's brief in opposition to the motion to dismiss admits that less than a month later, on December 6, 2022, the IRS issued Announcement 2022-28, which states that "the IRS has ceased enforcing disclosure and list maintenance requirements with respect to Notice 2017-10 in the Sixth Circuit." (R. 14, PageID# 212).

## II. Fed. R. Civ. P. 12(b)(1) Standard

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *accord Beiersdorfer v. LaRose*, No. 20-3557, 2021 WL 3702211, at *5 (6th Cir. Aug. 20, 2021). Where a defendant mounts a facial attack that "questions merely the sufficiency of the pleading," a district court must accept all allegations as true, but "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quotation marks and internal citations omitted).

"A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, *see Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990), and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Ritchie*, 15 F.3d at 598. "When examining a factual attack under Rule 12(b)(1), 'the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction.'" *Glob.*

4

*Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015) (citation omitted). "Because mootness is a threshold jurisdictional issue, this court must determine if an actual controversy still exists between the parties." *WJW-TV, Inc. v. City of Cleveland*, 878 F.2d 906, 909 (6th Cir. 1989) (quotation marks and citations omitted); *accord Enriquez-Perdomo v. Sessions*, 2018 WL 934854, at *2 (E.D. Ky. Feb. 16, 2018).

A federal court's exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, and, thus, mootness is a jurisdictional question. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)); *see also Burke v. Barnes*, 479 U.S. 361, 363 (1987) (citations omitted). In a recent decision, the Sixth Circuit Court of Appeals has observed as follows:

> Article III, § 2 of the United States Constitution vests federal courts with jurisdiction to address "actual cases and controversies." *Coal. for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) (citing U.S. Const. [A]rt. III, § 2). Federal courts are prohibited from rendering decisions that "do not affect the rights of the litigants." *Id.* (citing *Southwest Williamson Cty. Cmty. Assoc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001)). A case becomes moot "when the issues presented are no longer live or parties lack a legally cognizable interest in the outcome." *See Cleveland Branch, N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 530 (6th Cir. 2001) (quoting *Cty. of Los Angeles v. Davis*, 440 U.S. 625, 631, 99 S. Ct. 1379, 59 L. Ed. 2d 642 (1979)).

*Thomas v. City of Memphis*, 996 F.3d 318, 323-24 (6th Cir. 2021); *accord Moss v. Lee*, No. 3:21-cv-00561, 2022 WL 68388, 2022 U.S. Dist. LEXIS 2727, at *5-6 (M.D. Tenn. Jan. 6, 2022).

### III. Analysis

As stated above, Defendant moves to dismiss this action as moot, asserting that the IRS has publicly announced that it is no longer enforcing Notice 2017-10 in the Sixth Circuit. (R. 13-

5

1).

When a Defendant contends that a case is moot because of an action it has taken (or an action it has ceased taking), it is called "voluntary cessation." However, "a defendant's voluntary cessation of a challenged practice … typically does not deprive a federal court of its power to determine the legality of the practice." *Ohio v. United States Env't Prot. Agency*, 969 F.3d 306, 308 (6th Cir. 2020) (*quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 189 (2000)). That being said, a defendant "may voluntarily moot a plaintiff's claim about ongoing or future conduct by convincing the court that it has permanently ceased the challenged activity." *Mann II*, 86 F.4th at 1163 (*citing Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91–93 (2013)). The Sixth Circuit has held that a case is rendered moot by a defendant's voluntary cessation of the conduct at issue if the defendant can show: (1) there is "no reasonable expectation that the alleged violation will recur"; and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019) (*quoting Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979)); *accord Thomas v. City of Memphis, Tennessee*, 996 F.3d 318, 324 (6th Cir. 2021)). Furthermore, "the burden in showing mootness is lower when it is the government that has voluntarily ceased its conduct." *Speech First, Inc.*, 939 F.3d at 767 ("cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties and that [the governments] self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine.") (internal quotation marks omitted).

In the case at bar, Defendant United States of America argues that all claims are moot because it has already agreed not to enforce Notice 2017-10 in the Sixth Circuit. In

6

Announcement 2022-28, the IRS represents that "[t]he Treasury Department and the IRS recognize, however, that *Mann Construction* is controlling law in the Sixth Circuit, and **the IRS has ceased enforcing disclosure and list maintenance requirements with respect to Notice 2017-10 in the Sixth Circuit**." *See* Announcement 2022-28 (IRS ANN), 2022-52 I.R.B. 659, 2022 WL 17491928 (2022) (emphasis added).

The Sixth Circuit recently addressed a virtually identical set of facts in *Mann II*—the first supplemental authority identified by Defendant. *Mann II*, 86 F.4th 1159. Therein, the plaintiffs challenged IRS Notice 2007-83, arguing that it violated the APA. *Id*. at 1163. During the pendency of that action, the IRS announced it would no longer enforce Notice 2007-83 in the Sixth Circuit. *Id.* In light of that announcement, the *Mann II* decision concluded that plaintiffs' claims were rendered moot and "[n]o matter what the IRS chooses to do with Notice 2007-83 outside of the Sixth Circuit, there is no possibility that it would harm [plaintiffs]." *Id*. at 1163-64.

This Court further agrees with the analysis in the second Notice of Supplemental Authority filed by Defendant. In *35 N. Fourth St., Ltd.. v. United States*, 2024 U.S. Dist. LEXIS 51376 (S.D. Ohio Mar. 22, 2024), the District Court addressed a plaintiff's claim for injunctive relief with respect to Notice 2017-10, the very same Notice at issue in the case at bar. That Court concluded, and this Court agrees, that *Mann II*'s "reasoning applies with equal force to claims seeking declaratory and injunctive relief with respect to Notice 2017-10. As in *Mann*, the I.R.S. has issued Announcement 2022-28, in which it has agreed to not enforce Notice 2017-10 within the Sixth Circuit. *See* Announcement 2022-28, 2022-52 I.R.B. 659 (2022). Thus, Plaintiff's claim is moot for all the reasons explained in *Mann*." 2024 U.S. Dist. LEXIS 51376 at *5-6.

To the extent Plaintiffs would contend that *Mann II* is distinguishable because those plaintiffs dismissed any claim for injunctive or declaratory relief, such a claim would be

7

unavailing. The Court of Appeals expressly declared that "even if [the plaintiffs] did not waive any injunctive and declaratory relief below, the government fully mooted [plaintiffs'] claim to relief under the APA when it conceded that it would no longer enforce Notice 2007-83 against these taxpayers or even within the Sixth Circuit." 86 F.4th at 1163.

In the case at bar, as in *35 N. Fourth St., Ltd.*,[5] Plaintiffs argue that "the IRS continues to enforce Notice 2017-10 against taxpayers in the Sixth Circuit." (R. 14, PageID# 213, citing Jordan Aff., ¶¶35-42). Plaintiffs contend that "[i]n communications with IRS personnel regarding the imposition of Notice 2017-10-related penalties after Announcement 2022-28, IRS revenue agents and counsel have taken the position that the geographic location of the easement-burdened property determines venue." (R. 14-1, PageID# 233, ¶40). This is nearly identical to the argument raised and rejected in *35 N. Fourth St., Ltd.*, wherein the plaintiff asserted that "the I.R.S. is incorrectly determining what counts as 'in the Sixth Circuit' based on 'where the partnership's property is located' instead of 'where the principal place of business of the partnership is.'" 2024 U.S. Dist. LEXIS 51376 at *6.

Defendant's reply brief astutely points out that the alleged "Sixth Circuit taxpayers" referenced in Plaintiffs' opposition brief and accompanying Declaration of Katherine Jordan are four companies that are (1) organized outside of the Sixth Circuit, specifically North Carolina and Louisiana and (2) own property located in those same two states outside the Sixth Circuit. (R. 16, PageID# 253-254, citing R. 14-1, PageID# 232, ¶35). Without any contrary authority, the Court declines to find that potential enforcement with respect to entities organized *outside* the Sixth Circuit that own real property located *outside* the Sixth Circuit is tantamount to the IRS

---

[5] According to an affidavit attached to Plaintiffs' brief in opposition, Plaintiff GBXFM is an indirect owner of 35. N. Fourth Street, Ltd. (R. 14-1, PageID# 230, ¶22).

backtracking on Announcement 2022-28's application within the Sixth Circuit.

Further, the Court notes that in *35 N. Fourth St., Ltd.*, Plaintiff argued that the IRS tried to enforce Notice 2017-10 against it in a Tax Court proceeding. 2024 U.S. Dist. LEXIS 51376 at *6. The Southern District Court noted that "as soon as Plaintiff told Defense counsel in this case about the I.R.S.'s statement, defense counsel promptly spoke with the Government's counsel in the Tax Court case and, soon after, the I.R.S. filed a notice in the Tax Court case stating that it was not seeking a penalty based on Notice 2017-10." *Id*. The Court again agrees with the Southern District that such an action is not illustrative of Defendant's "plans to enforce Notice 2017-10" in the Sixth Circuit, as the Government promptly withdrew any attempt to impose a penalty under Notice 2017-10. *Id*. It is rather illustrative of Defendant's intention to honor its Announcement not to enforce Notice 2017-10 in this Circuit. *Id*. Therefore, Plaintiffs' argument is not well taken.

Finally, to the extent Plaintiffs' efforts in this action seek to invalidate Notice 2017-10 on a national scale, a similar argument was rejected in *Mann II*:

> [Plaintiff] persists that the regulatory burdens and penalties in a national system of taxation should not depend on the geographic borders of each circuit, requiring the IRS to have the same rule for all parts of the country. But under the policy of nonacquiesence, an agency may respond to an unfavorable judicial ruling by announcing that it will continue enforcing a rule outside of that court's jurisdiction. *See Heartland Plymouth Ct. MI, LLC v. NLRB*, 838 F.3d 16, 21–22 (D.C. Cir. 2016) (explaining how "proper nonacquiesence" facilitates the Supreme Court's resolution of conflicts over the meaning of federal law); *see also Dixon v. United States*, 381 U.S. 68, 70–74 & 71 n.2, 85 S.Ct. 1301, 14 L.Ed.2d 223 (1965); *cf. Charles D. Bonanno Linen Serv., Inc. v. N.L.R.B.*, 454 U.S. 404, 406 & n.2, 102 S.Ct. 720, 70 L.Ed.2d 656 (1982).

*Mann II*, 86 F.4th at 1164.

In conclusion, Plaintiffs' claims seeking a declaration that IRS Notice 2017-10 is unlawful and a permanent injunction enjoining its enforcement have been rendered moot.

9

## IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss (R. 13) is GRANTED. Plaintiffs' actions are hereby collectively DISMISSED as moot.

IT IS SO ORDERED.

                                                    s/ *David A. Ruiz*
                                                    David A. Ruiz
                                                    United States District Judge

Date: March 28, 2024